WHEELER, District Judge.
This suit is brought to reach property that was of Maurice Lilientlial, husband of the plaintiff, deceased, both of Paris, Prance, which is alleged to have come into the hands of the defendants here in fraud of the rights of creditors. The plaintiff has no judgment here on which execution could issue against the property, and no administrator has been appointed here. Without these, by the common law well established, the plaintiff would have no standing here. But by chapter 740 of the Laws of Hew York of 1894, amending chapter 314 of the Laws of 1858, as amended by chapter 487 of the Laws of 1889, any executor or administrator may, for the benefit of creditors, disaffirm, treat as void, and resist all acts done and transfers and agreements made in fraud of the rights of any creditor; “and any creditor of a deceased insolvent debtor having a claim or demand against the estate of such deceased debtor exceeding in amount the sum of one hundred dollars, may, in like manner, for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, disaffirm, treat as void, and resist all acts done, and conveyances, transfers and agreements made, in fraud of the right of any creditor or creditors, by such deceased debtor, and for that purpose may maintain any necessary action to set aside such acts, conveyances, transfers or agreements; and for the purpose of maintaining such action, it shall not be necessary for such creditor to have obtained a judgment upon *563 his claim or demand, but such claim or demand, if disputed, may be proved and established upon the trial of such action.”
This statute is said, in argument, to furnish no warrant for this suit here. But, whenever a statute of a state gives a right, the right given may, on proper citizenship, be enforced by suitable proceedings in the federal courts. In re Broderick’s Will, 21 Wall. 503; Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495. The plaintiff had property when she was married, in 1865. It came into the possession of her husband, and by the French law, as shown by a witness learned in that law and not disputed, she was entitled to a judgment of separation of her goods against him in the civil tribunal of the Seine, Paris. She has proirnd such a judgment March 7, 1892, in that tribunal, with a reference to a notary in liquidation, by an examined copy, and a liquidation at 161,362 francs, with interest, upon which he made satisfaction in furniture, towards interest, of 9,957 francs, leaving the balance unsatisfied, which has so remained. This may be such a judgment upon the status of the property of the parties under their marital relations in the country of their domicile as will be recognized everywhere. Hilton v. Guyot, 159 U. S. 113, 16 Sup. Ct. 139. But, whether it is by Itself so or not, his recognition of it by voluntary satisfaction of it would be a valid recognition of it as a debt of that character to the amount remaining, which seems to be equal to $29,166.77, besides interest, and many times more than the $100 required by the statute of Hew York mentioned. As, by the statute, she need only show that she is a creditor, this seems to be sufficient, taken all together, to show that she is such.
The fraudulent transactions were had in 1888 and T889, some time before this judgment, and she is said not to have been then so a creditor that she could be defrauded by them. The husband, however, appears to have disposed of her property, which went into this judgment in 1888, and if that was the foundation of her claim it was nearly contemporaneous with the transaction. But the testimony of the same witness shows that by the French law the estate of the wife does not become the property of the husband by being reduced to his possession, but remains hers, and is separated, as having been hers all the while. This seems to be so upon the authorities. 2 Kent, Comm. 185. So she is a creditor, against whom the fraud charged would operate and might have been directed.
Lilienthal had a store in Hew York, of which the defendant Charles Drucklieb had been in charge for a few months, with goods and dues to the amount and value, in all, of about $15,000, and perhaps much more. These are claimed to have been bought for $100 and wages at a time when a judgment of $14,000 against Lilienthal in Hew York was impending. That the transaction was a sham is apparent, and the various stories of the defendants about how it was carried on make this the more clear. Julius Drucklieb became a partner with Charles in the same store and with the same goods. The amount received by the defendants is not clear. The defendant Charles Drucklieb has, on legal proceedings, been compelled to pay over quite large amounts to other creditors of the plaintiff. He says, in his *564 testimony, that he expended $3,100 in litigation about this, and had about $500 left from the whole, which would leave about $3,600 of avails of the property converted to his own use. No decree beyond this can safely be made upon the evidence. The case should go to a master to ascertain the amount of property, and claims received by the defendants, unless the plaintiff prefers a decree for this amount.
Decree for plaintiff.