LILIENTHAL v. DRUCKLIEB et al.

(Circuit Court, S. D. New York.   February 11, 1898.)

1. FRAUDULENT CONVEYANCES.
     A sale, though fraudulent and void as to creditors, is binding on the parties
     to it.

2. CREDITORS' BILL—GOOD WILL OF BUSINESS.
     A creditors' bill extends to nothing which the creditors cannot reach, and
     hence does not require a finding by the master of the value of the good will
     of a business, which cannot be levied upon in satisfaction of their claims.

   This was a creditors' suit by Clotilde Lilienthal against Charles
A. Drucklieb and Julius C. Drucklieb.   The cause was heard on
exceptions to the master's report.

   William H. Blymyer, for plaintiff.

   Louis O. Van Doren and Henry B. Twombly, for defendants.

   WHEELER, District Judge.   This cause has been before consid-
ered by this court, and the liability of the defendants for property
of Maurice Lilienthal, acquired in fraud of the rights of his cred-
itors, adjudged and decreed.   Lilienthal v. Drucklieb, 80 Fed. 562.
It has now been heard on exceptions to the report of the master,
to whom it was sent to ascertain the amount so received and re-
tained away from the creditors.   The property consisted of goods
and dues of a store in New York in charge of Charles A. Drucklieb,
as agent of Lilienthal, who lived in Paris.   A large part of the
goods was sold at once, and the avails were deposited in this court
at the suit of creditors, and withdrawn on stipulation and order of
court thereupon, by Charles A. Drucklieb.   The defendants insist
that what went to other creditors before this suit was well account-
ed for, and that more so went than the master has found and al-
lowed.   That they should not here be charged with what another
creditor had previously obtained on account of the same fraud seems
quite clear; but the question as to how much so went to other cred-
itors, and how much was retained, has been determined by the
master upon conflicting, and more or less convincing and doubtful,
evidence, and his findings upon such evidence should not be dis-
turbed without good cause, such as might set aside a verdict.   No
such cause appears here; on the contrary, the finding seems to be
well warranted by the evidence.   Charles A. Drucklieb claims that
he was to receive 2 per cent. commissions on all sales as agent for
Lilienthal, and not less than $4,000 for the year from March, 1888;
and that, having received only $150 per month for but a part of
the year, he should be allowed to retain the balance, $2,380, out of
the avails of these goods.   The master does not find the agreement,
and if it existed it would be superseded by the sale which, although
fraudulent and void as to creditors, would be binding upon the
parties to it.   The plaintiff has excepted to the report because a
value of the good will has not been found and stated.   As this is
a creditors' bill, however, it extends to nothing that they could not
reach, and the good will could not be levied upon in satisfaction of

their debts. Besides this, the master states that no value of any good will was by any evidence made to appear. The plaintiff has excepted to the failure of the master to charge the defendants for some plushes. The question as to that rested upon the weight of, and inferences to be drawn from, evidence more or less indirect, and no good reason for disturbing the master's finding upon it appears.

The interlocutory decree was against both defendants for property received by both or either. The master's report says that, in the proceedings before him, "no evidence was introduced to show any liability as against Julius Drucklieb," and that he considered only the account of the defendant Charles A. Drucklieb. The plaintiff has excepted to this course of the master, but it seems to have been proper in stating the proceedings before him. The liability depends upon the decree, which, although interlocutory, stands, unless it is changed, as it may be, if deemed erroneous, in making up the final decree. This question has been reargued, however, upon this exception, and reconsidered. That no substantial part of the property itself came to the hands of Julius C. Drucklieb is clear, for he did not come in till after it had been sold and the money paid into court. While the money was in court he went to Europe to see Lilienthal about settling the matter, and, according to testimony of Charles A. before the master, that was so far the business of his journey that his expenses were charged to this property; and, according to his testimony in the case, Charles A. had no property but this that came from Lilienthal to put into the business, and yet he put in money after the commencement of the business till it was largely increased, which would be at about the time he was receiving the money with which he is charged by the master; and Julius C. became acquainted with one Herzig, in Paris, who had been engaged in this business with Lilienthal there, and continued in it with these defendants afterwards, and was then treating with Lilienthal about his property and business here. That Julius C. did not know anything about the dealings of his brother with Lilienthal at that time is not, under the circumstances, fairly credible. The letters of Charles A. to Herzig, at the time Julius C. was going to see Lilienthal, about the business all three were engaged in with him, show well that the position of Julius C. in the new firm here was being used to conceal the avails of the property of Lilienthal from his creditors. If the avails of this property had gone into the new firm as the share of Charles A. without the knowledge of Julius C., their presence in the assets of the firm would not seem to make the latter liable for them to the creditors. The shares of each in the new firm, with dates, could doubtless have been easily and exactly shown; but the testimony of Julius C. in the case left this wholly in doubt, and he does not appear to have testified at all before the master. Upon the whole, the decree against both appears to be correct, and should stand. Exception of plaintiff to report as to several liabilities dismissed, all others overruled, report accepted and confirmed, and decree on report against both defendants.